Jim C. MORRIS and Melinda Morris, Appellant,

v.

CHAUNCE A. BEANE & COMPANY INC., d/b/a Beane & Company and C. A. Beane, Individually, Appellees.

No. 2–81–032–CV.

Court of Appeals of Texas, Fort Worth.

June 24, 1982.

Brice & Barron, and Alan Leibel, Dallas, for appellants.

Bishop, Lamsens & Brown, and John P. Poole, Fort Worth, for appellees.

Before MASSEY, C. J., and SPURLOCK and JORDAN, JJ.

OPINION

MASSEY, Chief Justice.

Jim C. Morris and his wife Melinda, hereinafter to be referred to as Morris, have appealed judgment rendered against them for (a) breach of contract damages (in single amount) of $26,383.36, in favor of all plaintiffs collectively; plus (b) $6,860.00 in attorney's fees, also as a single amount; with (c) foreclosure of several separate liens—also as a single foreclosure—plus order of sale not specified to be by parcel.

■ Those who were the plaintiffs, though alleging their claims so there could be distinguishment of the claim(s) of each, and though obtaining answers by the jury which enabled judgment of damages for each in his or its severable right, correspondingly were awarded judgment as a group in respect to the same relief.

We reverse the judgment and remand the cause for entry of a correct judgment by the trial court. The correct judgment should be one by which Morris may know the indebtedness accrued for which he is liable as applied to each plaintiff, as applied to each land parcel foreclosed and ordered sold, and with the decree framed so that each parcel is directed to be sold separately so that from time of judgment the amount necessary to redeem lien on each parcel is known. Not to have judgment in such form would be to prejudice Morris by imperfect and irregular proceedings with interference with his equitable right of redemption.

To correct the judgment would be more appropriate by the trial court than by an appellate court. Thereby would be enabled the appropriate accounting and procedure required in such cases, obviously more convenient to all parties and the trial court.

After suit was filed against Morris the firm of McCracken, Andrews and Curbo filed answer for him on February 13, 1981. The case was called for trial on July 9th, 1981. Prior to that time that firm was by the court released of its responsibility to

continue with its representation of Morris. When the case was called Mr. Richie, attorney of Graham, Texas appeared for the limited purpose of presenting Morris' oral motion for continuance. It was displayed to the court that his representation was for that limited purpose. Morris advised the court that his arrangements for an attorney had gone no further; that in the event his motion for continuance was overruled he had not made arrangements for an attorney for a trial on the merits.

Morris' motion for continuance was not in writing, but orally made. Shown in the record is that the court stated to Mr. Richie: "I will permit you to file it and it must be verified of course, but I would like you to state for the record the grounds for continuance." Mr. Richie did so state, and he put Morris on the stand to testify concerning his need for continuance. At conclusion the court ruled that continuance was denied. Immediately the jury which had been called was examined, the petit jury empaneled, and the trial proceeded. No written motion was reduced to writing and filed by Morris on or after July 9th.

■ Morris' initial point of error is one complaining that the trial court abused its discretion in overruling his motion for continuance. By provisions of Tex.R.Civ.P. 251, "Continuance" no such motion may be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law. This does not mean that in the event the trial court should grant continuance the opposite party could found any complaint. Complaints of which cognizance is taken on appeal are always those of the moving parties who have had their motions denied; and that trial proceeded to their alleged prejudice, as in this case. When such a motion has been overruled before any reduction to written form, and without support by affidavit for that reduced to written form, it might be said that the complainant is completely unarmed for purpose of making complaint on appeal. He cannot show himself entitled to reversal for abuse of discretion in overruling his motion even if the trial court should

have granted continuance had the motion been properly made and presented. Tex. Jur.3rd, p. 363, "Continuance", B., "Form and Requisites of Application", sec. 61, et seq. The point is overruled.

The point of error we sustain, and by reason of having done this have concluded proper action to be remand, reads as follows: "The Trial Court erred in its entry of the Judgment which did not conform to the pleadings, evidence nor findings of the jury."

Actually involved were four separable contracts involving three separate oil field leases. These may be termed as leases "C", "D", and "E". Morris' contracts were, (1) as applied to "C" a contract with plaintiff CA–TEX Drilling, Inc. concerning lease operation; (2) as applied to "D" a contract with plaintiff Beane, individually, concerning lease operation; (3) as applied to "E" a contract with CA–TEX Drilling, Inc. concerning lease operations; and (4) also as applied to "E", a contract with plaintiff Chaunce A. Beane & Co., Inc. concerning terms of a drilling contract. In all three leases Morris held property interests as in real estate. By liens thereon he had afforded security for the indebtedness anticipated to accrue by each contract.

By the verdict of the jury the amount of Morris' liability for indebtedness accrued by reason of his several breaches were as follows:

(1) as applied to "C" his indebtedness of $390.97 to CA–TEX Drilling, Inc.;

(2) as applied to "D" his indebtedness of $2,655.52 to Chaunce A. Beane, individually;

(3) as applied to "E" his indebtedness of $1,327.94 to CA–TEX Drilling, Inc.; and

(4) as applied to "E" his indebtedness of $22,009.13 to Chaunce A. Beane & Co., Inc.

The total of the above was $26,383.36. The judgment was one granting said amount as a single sum in damages to Chaunce A. Beane & Company, Inc. d/b/a Beane & Company, Inc., CA–TEX Drilling,

Inc., and C. A. Beane, individually. Added was $448.00 in costs of court, and $6,800.00 as attorney's fees. Additionally, plaintiffs as a group—and not separately—were granted foreclosure of the interests of Morris in the leases without any distinguishment, and the judgment included an order of sale directing the Sheriff or Constable to seize and sell "the above described property the same as under execution in satisfaction of this judgment."

 Morris has correctly pointed out the impropriety and undue prejudice to him in this manner: By decision of the jury in its verdict his indebtedness as applied to the lien given on "C" lease as security was $390.97, plus minor amounts to be added thereto as expenses. Had the judgment been in accord he could have paid off the $390.97 plus figure and own in "C" lease the same interest held had it not been burdened with the lien. In other words he could have "redeemed" the property by paying off the lien on that particular lease. Because the judgment was not for $390.97, but was for $26,383.36, he could not redeem "C" lease except by redeeming all the others as well by paying the total of lien indebtedness. Unreformed, the judgment would not permit that "redemption" by payment of $390.97; if he could not redeem all three properties by payment of $26,383.36 no relief of this character was available.

The defect and irregularity in the judgment by failure to segregate the property interests unduly prejudiced Morris by operating to extinguish or at least hamper his right of redemption. Because of the prejudice Morris is entitled to relief by this appellate court, or at our direction, by the trial court.

For reference in aid of more complete understanding of the doctrine of Equity of Redemption, see the following: 4 Pomeroy's Equity Jurisprudence (5th Ed.), p. 523, "Mortgages-English Doctrine", sec. 180, "Origin and Development of the Equity Jurisdiction"; the "Equity of Redemption" and succeeding sections; 39 Tex.Jur.2d (Rev.) p. 270, et seq., beginning with sec. 208 "(Redemption)-In general"; 73 A.L.R.

612, Anno.: "Rights and remedies of purchaser under foreclosure sale where foreclosure proceedings are imperfect or irregular."

Judgment is reversed, with the cause remanded for the purpose of entry of judgment not inconsistent with the opinion by the trial court, without necessity of new trial.

Costs of appeal are taxed, jointly and severally, against those who were plaintiffs below.