NUMBER 13-99-711-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


ANTHONY SHIELDS HOLLADAY, SR., Appellant,


v.


CW&A, INC. , Appellee.
___________________________________________________________________


On appeal from the 267th District Court

of Victoria County, Texas.

___________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Dorsey and Rodriguez

Opinion by Chief Justice Rogelio Valdez

In the underlying lawsuit, CW&A, Inc. ("CW&A") sued Tony Holladay d/b/a Holladay Construction Co. for breach of
contract for failing to pay monies due. CW&A was awarded an interlocutory judgment against Holladay Construction, and
subsequently amended its petition seeking to hold the principals of Holladay Construction, Tony Holladay, Sr. and Tony
Holladay, Jr., individually liable for the monies due. CW&A contended that these individuals were liable under the Texas
Construction Fund Act for the misapplication of trust funds, that is, the contract payments that were the subject of the
judgment against Holladay Construction Co. See Tex. Prop. Code Ann. §162.001 et seq. (Vernon 1995 & Supp. 2001). 
After a bench trial, the court granted a take-nothing judgment in favor of Tony Holladay, Jr., and a judgment in favor of
CW&A against Tony Holladay, Sr. ("Holladay"). 

Holladay raises two issues on appeal: (1) neither estoppel nor res judicata can support a judgment unless properly pleaded,
and thus the judgment at issue was improper given that CW&A failed to plead res judicata or estoppel as affirmative
defenses; and (2) Holladay is entitled to a credit for the amount of money that he spent repairing and completing the jobs
that CW&A failed to finish. We affirm the judgment of the trial court.

Factual and Procedural Background

Holladay, a general contractor, hired CW&A, a subcontractor, to provide asphalt and paving services for certain projects
that Holladay was constructing for Formosa Plastics Corporation. CW&A was to provide asphalt and paving services for
the: (1) Bay Vista Subdivision; (2) Cottonwood Apartments; (3) Meadow Subdivision; (4) "Cracker" Maintenance
Facility, Formosa Plastics Corporation, New Expansion Project; (5) Utility Plant, Formosa Plastics Corporation, New
Expansion Project; and (6) Agricultural Extension Center, Jackson County. CW&A, Inc., originally brought suit on a
sworn account against Tony Holladay d/b/a Holladay Construction Co. for failing to pay CW&A for asphalt paving
services relative to some of the foregoing projects. 

Holladay Construction Co. and Tony Holladay, Sr., filed a general denial and counterclaimed against CW&A under the
Texas Deceptive Trade Practices Act. According to Holladay, the materials and services furnished by CW&A were
inferior, resulting in holes, cracking, separation, and improper stabilization. According to the counterclaim, Holladay was
consequently required to hire contractors to complete and repair the faulty work, resulting in costs of $400,000. By
Holladay's live pleading, his Third Amended Answer and Counterclaim, filed April 8, 1996, Holladay denied that the suit
was one on a sworn account, and contended that he had not been allowed appropriate offsets and credits.

In CW&A's Fifth Amended Petition, filed June 15, 1998, CW&A brought suit against Tony Holladay, Sr. and Tony
Holladay, Jr., individually. This petition alleges that:

Plaintiff brought suit in this case against HOLLADAY CONSTRUCTION COMPANY, INC., for breach of contract in
connection with construction services for which Plaintiff was not paid. An interlocutory judgment has been entered in this
case on that cause of action in the amount of $193,895.75, plus costs of court and postjudgment interest. This amount
comprises $151,506.47 as the principal amount owed on the account as reflected in the attached invoices, plus $18,180.78
in prejudgment interest, plus $24,208.50 in attorney's fees.



The record does not include this referenced interlocutory judgment or any of the underlying proceedings resulting in said
judgment. Based upon the parties' briefs, it appears that this was an agreed judgment entered in bankruptcy proceedings. 

Texas Construction Fund Act

CW&A based its theory of liability against the Holladays on the Texas Construction Fund Act. See Tex. Prop. Code Ann.
§162.001 et seq. (Vernon 1995 & Supp. 2001). Under the Texas Construction Fund Act, a trustee of funds is liable for
misapplication of trust funds if he intentionally or knowingly or with intent to defraud, directly or indirectly retains, uses,
disburses, or otherwise diverts trust funds without first fully paying all current or past due obligations incurred by the
trustee to the beneficiary of the trust funds. See Tex. Prop. Code Ann. § 162.031(a) (Vernon 1995). Construction
payments are trust funds if the payments are made to a contractor or subcontractor or to an officer, director, or agent of a
contractor or subcontractor, under a construction contract for the improvement of specific real property in this state. Id. at
§162.001(a) (Vernon 1995). A contractor, subcontractor, or owner or an officer, director, or agent of a contractor,
subcontractor, or owner, who receives trust funds or who has control or direction of trust funds, is a trustee of the trust
funds. Id. at §162.002 (Vernon 1995). A party who misapplies these trust funds is subject to civil liability if (1) it breaches
the duty imposed by the Texas Construction Fund Act, and (2) the requisite plaintiffs are within the class of people that the
act was designed to protect and have asserted the type of injury the act was intended to prohibit. Lively v. Carpet Servs.,
Inc., 904 S.W.2d 868, 873 (Tex. App.-Houston [1st Dist.] 1995, writ denied). 

Res Judicata and Estoppel

In his first issue, Holladay argues that neither estoppel nor res judicata can support a judgment unless properly pleaded, and
thus the judgment was improper given that CW&A failed to plead res judicata or estoppel as affirmative defenses. The trial
court concluded as a matter of law that:

Tony Holladay, Sr. is barred by the doctrines of collateral estoppel and/or res judicata from taking a position that the
monies subject of the judgment in this case previously entered against Holladay Construction Company, Inc. were not due
and owing to C.W.&A, Inc.



Holladay argues that the trial court's conclusion is unsupported by the pleadings and cannot form the basis of the judgment. 

Although Texas Rule of Civil Procedure 94 requires that affirmative defenses be pleaded, this requirement that affirmative
defenses be pleaded is not absolute. Shoemake v. Fogel, Ltd., 826 S.W.2d 933, 937 (Tex. 1992); Dallas Cty. Med. Society
& State Med. Ass'n v. Ubinas-Brache, No. 05-97-00027-CV, 2001 Tex. App. LEXIS 818, *9 (Dallas February 9, 2001, no
pet.). A defense is not waived by the failure to specifically plead it if it is apparent on the face of the petition and
established as a matter of law. Shoemake, 826 S.W.2d at 937; Dallas Cty. Med. Society & State Med. Ass'n, 2001 Tex. App.
LEXIS 818, *9. In this instance, CW&A's fifth amended petition clearly references the prior judgment. Moreover,
affirmative defenses may be tried by consent. See, e.g., Southwestern Resolution Corp. v. Watson, 964 S.W.2d 262, 264
(Tex. 1997); Johnston v. McKinney Am., 9 S.W.3d 271, 280 (Tex. App.--Houston [14th Dist.] 1999, pet. denied). The prior
judgment was discussed at length in the trial of this matter, and trial counsel for appellant repeatedly stated that he was not
seeking to collaterally attack that judgment. 

Further, although Holloway contends that the trial court's judgment is improper insofar as it is premised on res judicata or
collateral estoppel, Holloway does not raise similar issues attacking other findings of the trial court establishing liability on
Holloway's part. The trial court specifically found that Holladay was guilty of misapplication of trust funds, yet Holladay
does not, for instance, raise an issue regarding the legal or factual sufficiency of this finding. Thus, whether or not the
defense of res judicata was properly pleaded and proved is irrelevant given that other findings support the judgment. We
overrule Holloway's first issue.

Credit

In his second issue, Holladay contends that he was entitled to a credit for the amount of money he spent repairing and
completing the jobs that CW&A failed to finish, specifically, $82,500.00. In response, CW&A argues that (1) its work was
inspected and accepted by Formosa, who authorized payment for the work and paid Holladay for the work; (2) Holladay
failed to furnish notice that it was going to retain funds; (3) CW&A did not cause any of the problems leading to repairs;
(4) CW&A offered to complete the jobs and perform repairs at its own expense; and (5) Holladay failed to prove any
specific monies spent on any particular job. 

Holladay bases his argument that he is entitled to a credit on the Texas Construction Trust Fund Act, which provides that it
is an affirmative defense that the trust funds not paid to the beneficiary were used to pay the trustee's actual expenses
directly related to the construction or repair of the improvement:: 

It is an affirmative defense to prosecution or other action brought under subsection (a) that the trust funds not paid to the
beneficiaries of the trust were used by the trustee to pay the trustee's actual expenses directly related to the construction or
repair of the improvement or have been retained by the trustee, after notice to the beneficiary who has made a request for
payment, as a result of the trustee's reasonable belief that the beneficiary is not entitled to such funds or have been retained
as authorized or required by Chapter 53.

Tex. Prop. Code Ann. § 162.031(b) (Vernon 1995). In its findings of fact, the trial court found that the trust funds were not
used by Holladay to pay actual expenses directly related to the construction or repair of the improvement, nor were such
funds retained by Holladay after notice to CW&A, who had made a request for payment, as a result of Holladay's
"reasonable belief" that CW&A was not entitled to such funds.

The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them, by the
same standards that are applied in reviewing the legal or factual sufficiency of the evidence supporting jury findings. See
Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996)(per curiam); Catalina v. Blasdel, 881 S.W.2d 295, 295 (Tex. 1994). If an
appellant is attacking the legal sufficiency of an adverse finding to an issue on which he had the burden of proof, he must
demonstrate on appeal that the evidence conclusively established all vital facts in support of the issue. See Victoria Bank &
Trust Co. v. Brady, 811 S.W.2d 931, 940 (Tex. 1991); Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (1989).

We find that some of CW&A's arguments regarding Holladay's right to a credit must fail. CW&A's argument that
Holladay failed to establish the affirmative defense by failing to give notice notice to CW&A that he was retaining funds
lacks merit. The affirmative defense provided in the Texas Construction Fund Act can be based on two different situations:
(1) the trustee retains funds to construct or repair the improvement; or (2) the trustee retains funds to determine entitlement
thereto after notice to the beneficiary. See Tex. Prop. Code Ann. § 162.031(b) (Vernon 1995). In the instant case, Holladay
does not contend that he was retaining funds to determine entitlement thereto; rather, he contends that he used to funds to
complete or repair the improvements at issue. Given that the statute allows for either form of the affirmative defense,
CW&A's argument must fail.

Similarly, CW&A's argument that Holladay failed to prove that he spent specific sums of money to repair or complete
specific improvements also lacks merit. The law interpreting section 162.031(b) does not require such an explicit level of
proof tying particular expenditures to the improvements at issue. Construction trust funds may be used for overhead and
other "directly related" expenses. See In re Nicholas, 956 F.2d 110, 113 (5th Cir. 1992); In re Boyle, 819 F.2d 583, 58 (5th
Cir. 1987); Lively v. Carpet Servs., 904 S.W.2d 868, 875-76 (Tex. App.--Houston [1st Dist.] 1995, writ denied); see also
Op. Tex. Att'y Gen. No. JM-945 (1988)(affirmative defense allows paying funds for overhead and other expenses, even if
not readily traceable, so long as actually incurred). 

CW&A's remaining arguments regarding Holladay's right to an offset--CW&A did not cause any of the problems
necessitating repairs; Formosa inspected and accepted its work and paid Holladay accordingly; CW&A offered to complete
the jobs and perform repairs at its own expense-require further consideration by the Court. Of paramount importance,
however, is that the record contains conflicting evidence, or no evidence, regarding the factual issues relative to Holladay's
affirmative defense. The record evidence fails to establish which projects and funds were at issue. CW&A contends that it
was seeking monies only for those improvements for which it completed the required work; whereas Holladay contends
that CW&A sought monies for projects that CW&A did not complete. The record fails to establish which projects were
completed by CW&A and which were incomplete. Moreover, in terms of the repairs that Holladay performed on the
projects, there is sharply conflicting evidence regarding whether those repairs were the result of faulty workmanship on the
part of CW&A, or whether the repairs were necessitated by other factors, including acts of God, the passage of time, or acts
by other contractors or Formosa. Given the applicable standard of review, Holladay cannot demonstrate on appeal that the
evidence "conclusively" established all vital facts in support of his right to an offset. See Victoria Bank & Trust Co., 811
S.W.2d at 940; Sterner, 767 S.W.2d at 690. We overrule Holladay's second issue.

Having overruled each of Holladay's issues on appeal, we affirm the judgment of the trial court.



__________________

ROGELIO VALDEZ

Chief Justice



Publish . 

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 23rd day of August, 2001.