Anthony Shields HOLLADAY,
Sr., Appellant,

v.

CW & A, INC., Appellee.

No. 13–99–711–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 23, 2001.

Rehearing Overruled Nov. 8, 2001.

Charles A. Hood, Port Lavaca, for appellant.

Cynthia T. Sheppard, Houston, Marek & Griffin, Victoria, for appellee.

Before Chief Justice VALDEZ and Justices DORSEY and RODRIGUEZ.

## OPINION

Opinion by Chief Justice ROGELIO VALDEZ.

In the underlying lawsuit, CW & A, Inc. ("CW & A") sued Tony Holladay d/b/a Holladay Construction Co. for breach of contract for failing to pay monies due. CW & A was awarded an interlocutory judgment against Holladay Construction, and subsequently amended its petition seeking to hold the principals of Holladay Construction, Tony Holladay, Sr. and Tony Holladay, Jr., individually liable for the monies due. CW & A contended that these individuals were liable under the Texas Construction Fund Act for the misapplication of trust funds, that is, the contract payments that were the subject of

the judgment against Holladay Construction Co. *See* TEX. PROP.CODE ANN. § 162.001 et seq. (Vernon 1995 & Supp.2001). After a bench trial, the court granted a take-nothing judgment in favor of Tony Holladay, Jr., and a judgment in favor of CW & A against Tony Holladay, Sr. ("Holladay").

Holladay raises two issues on appeal: (1) neither estoppel nor res judicata can support a judgment unless properly pleaded, and thus the judgment at issue was improper given that CW & A failed to plead res judicata or estoppel as affirmative defenses; and (2) Holladay is entitled to a credit for the amount of money that he spent repairing and completing the jobs that CW & A failed to finish. We affirm the judgment of the trial court.

### Factual and Procedural Background

Holladay, a general contractor, hired CW & A, a subcontractor, to provide asphalt and paving services for certain projects that Holladay was constructing for Formosa Plastics Corporation. CW & A was to provide asphalt and paving services for the: (1) Bay Vista Subdivision; (2) Cottonwood Apartments; (3) Meadow Subdivision; (4) "Cracker" Maintenance Facility, Formosa Plastics Corporation, New Expansion Project; (5) Utility Plant, Formosa Plastics Corporation, New Expansion Project; and (6) Agricultural Extension Center, Jackson County. CW & A, Inc., originally brought suit on a sworn account against Tony Holladay d/b/a Holladay Construction Co. for failing to pay CW & A for asphalt paving services relative to some of the foregoing projects.

Holladay Construction Co. and Tony Holladay, Sr., filed a general denial and counterclaimed against CW & A under the Texas Deceptive Trade Practices Act. According to Holladay, the materials and services furnished by CW & A were inferior, resulting in holes, cracking, separation, and improper stabilization. According to the counterclaim, Holladay was consequently required to hire contractors to complete and repair the faulty work, resulting in costs of $400,000. By Holladay's live pleading, his Third Amended Answer and Counterclaim, filed April 8, 1996, Holladay denied that the suit was one on a sworn account, and contended that he had not been allowed appropriate offsets and credits.

In CW & A's Fifth Amended Petition, filed June 15, 1998, CW & A brought suit against Tony Holladay, Sr. and Tony Holladay, Jr., individually. This petition alleges that:

> Plaintiff brought suit in this case against HOLLADAY CONSTRUCTION COMPANY, INC., for breach of contract in connection with construction services for which Plaintiff was not paid. An interlocutory judgment has been entered in this case on that cause of action in the amount of $193,895.75, plus costs of court and postjudgment interest. This amount comprises $151,506.47 as the principal amount owed on the account as reflected in the attached invoices, plus $18,180.78 in prejudgment interest, plus $24,208.50 in attorney's fees.

The record does not include this referenced interlocutory judgment or any of the underlying proceedings resulting in said judgment. Based upon the parties' briefs, it appears that this was an agreed judgment entered in bankruptcy proceedings.

### Texas Construction Fund Act

CW & A based its theory of liability against the Holladays on the Texas Construction Fund Act. *See* TEX. PROP.CODE ANN. § 162.001 et seq. (Vernon 1995 & Supp.2001). Under the Texas Construction Fund Act, a trustee of funds is liable for misapplication of trust funds if he intentionally or knowingly or with intent to

defraud, directly or indirectly retains, uses, disburses, or otherwise diverts trust funds without first fully paying all current or past due obligations incurred by the trustee to the beneficiary of the trust funds. *See* Tex. Prop.Code Ann. § 162.031(a) (Vernon 1995).

■ Construction payments are trust funds if the payments are made to a contractor or subcontractor or to an officer, director, or agent of a contractor or subcontractor, under a construction contract for the improvement of specific real property in this state. *Id.* at § 162.001(a) (Vernon 1995). A contractor, subcontractor, or owner or an officer, director, or agent of a contractor, subcontractor, or owner, who receives trust funds or who has control or direction of trust funds, is a trustee of the trust funds. *Id.* at § 162.002 (Vernon 1995). A party who misapplies these trust funds is subject to civil liability if (1) it breaches the duty imposed by the Texas Construction Fund Act, and (2) the requisite plaintiffs are within the class of people that the act was designed to protect and have asserted the type of injury the act was intended to prohibit. *Lively v. Carpet Servs., Inc.,* 904 S.W.2d 868, 873 (Tex. App.—Houston [1st Dist.] 1995, writ denied).

### Res Judicata and Estoppel

■ In his first issue, Holladay argues that neither estoppel nor res judicata can support a judgment unless properly pleaded, and thus the judgment was improper given that CW & A failed to plead res judicata or estoppel as affirmative defenses. The trial court concluded as a matter of law that:

> Tony Holladay, Sr. is barred by the doctrines of collateral estoppel and/or res judicata from taking a position that the monies subject of the judgment in this case previously entered against Hol-

laday Construction Company, Inc. were not due and owing to C.W. & A, Inc.

Holladay argues that the trial court's conclusion is unsupported by the pleadings and cannot form the basis of the judgment.

■ Although Texas Rule of Civil Procedure 94 requires that affirmative defenses be pleaded, this requirement that affirmative defenses be pleaded is not absolute. *Shoemake v. Fogel, Ltd.,* 826 S.W.2d 933, 937 (Tex.1992); *Dallas Cty. Med. Society & State. Med. Ass'n v. Ubinas–Brache,* No. 05–97–00027–CV, 2001 WL 100180, 2001 Tex.App. LEXIS 818, *9 (Tex.App.—Dallas February 7, 2001, no pet.). A defense is not waived by the failure to specifically plead it if it is apparent on the face of the petition and established as a matter of law. *Shoemake,* 826 S.W.2d at 937; *Dallas Cty. Med. Society & State Med. Ass'n,* 2001 WL 100180, 2001 Tex.App. LEXIS 818, *9. In this instance, CW & A's fifth amended petition clearly references the prior judgment. Moreover, affirmative defenses may be tried by consent. *See, e.g., Southwestern Resolution Corp. v. Watson,* 964 S.W.2d 262, 264 (Tex. 1997); *Johnston v. McKinney Am.,* 9 S.W.3d 271, 280 (Tex.App.—Houston [14th Dist.] 1999, pet. denied). The prior judgment was discussed at length in the trial of this matter, and trial counsel for appellant repeatedly stated that he was not seeking to collaterally attack that judgment.

Further, although Holladay contends that the trial court's judgment is improper insofar as it is premised on res judicata or collateral estoppel, Holladay does not raise similar issues attacking other findings of the trial court establishing liability on Holladay's part. The trial court specifically found that Holladay was guilty of misapplication of trust funds, yet Holladay does not, for instance, raise an issue regarding the legal or factual sufficiency of this find-

ing. Thus, whether or not the defense of res judicata was properly pleaded and proved is irrelevant given that other findings support the judgment. We overrule Holladay's first issue.

### Credit

In his second issue, Holladay contends that he was entitled to a credit for the amount of money he spent repairing and completing the jobs that CW & A failed to finish, specifically, $82,500.00. In response, CW & A argues that (1) its work was inspected and accepted by Formosa, who authorized payment for the work and paid Holladay for the work; (2) Holladay failed to furnish notice that it was going to retain funds; (3) CW & A did not cause any of the problems leading to repairs; (4) CW & A offered to complete the jobs and perform repairs at its own expense; and (5) Holladay failed to prove any specific monies spent on any particular job.

Holladay bases his argument that he is entitled to a credit on the Texas Construction Trust Fund Act, which provides that it is an affirmative defense that the trust funds not paid to the beneficiary were used to pay the trustee's actual expenses directly related to the construction or repair of the improvement:

> It is an affirmative defense to prosecution or other action brought under subsection (a) that the trust funds not paid to the beneficiaries of the trust were used by the trustee to pay the trustee's actual expenses directly related to the construction or repair of the improvement or have been retained by the trustee, after notice to the beneficiary who has made a request for payment, as a result of the trustee's reasonable belief that the beneficiary is not entitled to such funds or have been retained as authorized or required by Chapter 53.

TEX. PROP.CODE ANN. § 162.031(b) (Vernon 1995). In its findings of fact, the trial court found that the trust funds were not used by Holladay to pay actual expenses directly related to the construction or repair of the improvement, nor were such funds retained by Holladay after notice to CW & A, who had made a request for payment, as a result of Holladay's "reasonable belief" that CW & A was not entitled to such funds.

■■■ The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them, by the same standards that are applied in reviewing the legal or factual sufficiency of the evidence supporting jury findings. *See Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex. 1996)(per curiam); *Catalina v. Blasdel,* 881 S.W.2d 295, 295 (Tex.1994). If an appellant is attacking the legal sufficiency of an adverse finding to an issue on which he had the burden of proof, he must demonstrate on appeal that the evidence conclusively established all vital facts in support of the issue. *See Victoria Bank & Trust Co. v. Brady,* 811 S.W.2d 931, 940 (Tex.1991); *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (1989).

■■ We find that some of CW & A's arguments regarding Holladay's right to a credit must fail. CW & A's argument that Holladay failed to establish the affirmative defense by failing to give notice to CW & A that he was retaining funds lacks merit. The affirmative defense provided in the Texas Construction Fund Act can be based on two different situations: (1) the trustee retains funds to construct or repair the improvement; or (2) the trustee retains funds to determine entitlement thereto after notice to the beneficiary. *See* TEX. PROP.CODE ANN. § 162.031(b) (Vernon 1995). In the instant case, Holladay does not contend that he was retaining funds to determine entitlement thereto; rather, he

contends that he used to funds to complete or repair the improvements at issue. Given that the statute allows for either form of the affirmative defense, CW & A's argument must fail.

■■■ Similarly, CW & A's argument that Holladay failed to prove that he spent specific sums of money to repair or complete specific improvements also lacks merit. The law interpreting section 162.031(b) does not require such an explicit level of proof tying particular expenditures to the improvements at issue. Construction trust funds may be used for overhead and other "directly related" expenses. *See In re Nicholas,* 956 F.2d 110, 113 (5th Cir.1992); *In re Boyle,* 819 F.2d 583, 586 (5th Cir.1987); *Lively v. Carpet Servs.,* 904 S.W.2d 868, 875–76 (Tex.App.—Houston [1st Dist.] 1995, writ denied); *see also* Op. Tex. Att'y Gen. No. JM–945 (1988)(affirmative defense allows paying funds for overhead and other expenses, even if not readily traceable, so long as actually incurred).

■■■ CW & A's remaining arguments regarding Holladay's right to an offset—CW & A did not cause any of the problems necessitating repairs; Formosa inspected and accepted its work and paid Holladay accordingly; CW & A offered to complete the jobs and perform repairs at its own expense-require further consideration by the Court. Of paramount importance, however, is that the record contains conflicting evidence, or no evidence, regarding the factual issues relative to Holladay's affirmative defense. The record evidence fails to establish which projects and funds were at issue. CW & A contends that it was seeking monies only for those improvements for which it completed the required work; whereas Holladay contends that CW & A sought monies for projects that CW & A did not complete. The record fails to establish which projects were completed by CW & A and which were incomplete. Moreover, in terms of the repairs that Holladay performed on the projects, there is sharply conflicting evidence regarding whether those repairs were the result of faulty workmanship on the part of CW & A, or whether the repairs were necessitated by other factors, including acts of God, the passage of time, or acts by other contractors or Formosa. Given the applicable standard of review, Holladay cannot demonstrate on appeal that the evidence "conclusively" established all vital facts in support of his right to an offset. *See Victoria Bank & Trust Co.,* 811 S.W.2d at 940; *Sterner,* 767 S.W.2d at 690. We overrule Holladay's second issue.

Having overruled each of Holladay's issues on appeal, we affirm the judgment of the trial court.