Opinion issued February 3, 2005











In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00818-CV




INTERSTATE INVESTMENT CORP., Appellant

V.

RODOLFO RILLO, BELLA RILLO, AND UNITED CRESCENT CORP.,
Appellees




On Appeal from the 129th District Court
Harris County, Texas
Trial Court Cause No. 2000-34878






MEMORANDUM OPINION

          Appellant, Interstate Investment Corporation (“IIC”), appeals from a take-nothing judgment rendered against it, after a bench trial, on its cause of action for
breach of contract against appellees, United Crescent Corporation (“United”),
Rodolfo Rillo, Bella Rillo (together, “appellees”). We affirm.
Background
          Our background facts come from the trial court’s fact findings, which IIC does
not challenge and which have evidentiary support in the record. See McGalliard v.
Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986) (holding that unchallenged findings of
fact are binding unless contrary is established as matter of law or there is no evidence
to support finding).
          Rudolfo Rillo was the record owner of three condominium properties (“the
properties”). His wife, Bella Rillo, had a community-property interest in the
properties. In 1997, Rudolfo executed a power of attorney (“POA”) that appointed
his brother as attorney-in-fact to sell the properties and that made Bella alternate
attorney-in-fact only if the brother was absent. 
          Around March 15, 2000, Bella signed an earnest-money contract with IIC to
sell the properties (“the IIC contract”), with a sale price of $12,000. Although both
of the Rillos were listed as sellers in the IIC contract, only Bella signed it, and her
signature did not indicate that she was signing on behalf of anyone else. IIC
presented no evidence concerning Rodolfo’s brother’s whereabouts during any time
relevant to the events underlying this lawsuit.
 
          After having executed the IIC contract, but before the closing date on it, Bella
signed an earnest-money contract with United (“the United contract”), with a sale
price of $16,000. On April 12, 2000, when Rodolfo returned from a trip outside the
country, he, too, signed the United contract. The Rillos closed on the United contract
before the closing date set for the IIC contract, precluding IIC’s purchase of the
properties. 
          IIC sued the Rillos and United for breach of the IIC contract and sought
specific performance of the IIC contract by cancellation of the deed to United and
declaration that IIC was “the fee simple owner” of the properties.


 Alternatively, IIC
sought damages, which at trial it explained were either the $12,000 sale price, the
properties’ fair-market value, or the $4,000 more that the Rillos had made by selling
to United. IIC did not plead alternatively that the alleged contract should be enforced
to the extent of, or that damages should be awarded for that value of, Bella’s
undivided community interest in the properties.
          After a bench trial, the trial court rendered a take-nothing judgment against IIC
and entered fact findings and legal conclusions. The trial court found, among other
things, that the IIC contract was not binding because Rodolfo had not signed it and
Bella had not signed on his behalf, by virtue of the POA or otherwise.
Standard of Review
          On appeal, IIC challenges only certain legal conclusions. We review the trial
court’s legal conclusions drawn from the facts to determine their correctness. BMC
Software Belgium v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002). Our review is de
novo, and we will uphold the legal conclusions if the judgment can be sustained on
any legal theory supported by the evidence. Id.
Challenges to Legal Conclusions
          In its sole issue, IIC challenges the following legal conclusions:
●The [IIC contract] was not a binding contract, because it was not
signed by Rodolfo Rillo, and there was no indication in the
document as executed by Bella Rillo that she intended to sign the
agreement for Rodolfo Rillo or on his behalf.
 
●Bella and Rodolfo Rillo did not have a binding contract to sell
[the properties] to [IIC]; Bella and Rodolfo Rillo did not breach
any contract with [IIC] to sell [the properties].
 
●Plaintiff [IIC] is not entitled to specific performance of [the
properties]; nor is it entitled to money damages for breach of
contract or attorney’s fees incurred in pursuing its causes of
action.

Specifically, IIC argues that
The only reason stated that the [IIC] contract is not valid is because it
was not signed by Rodolfo Rillo. The law in Texas has long evolved
past the requirement that a husband has to sign before a wife can sell her
property. Bella Rillo owned one-half of the [properties] and was free
to sell her one half for whatever she wanted. If she wanted to sell her
interest to IIC for $12,000 she was free to do so. The facts of this case
simply did not establish any reason or excuse for Bella Rillo to not sell
her one half interest in the [properties] to IIC.

(Emphasis added.) That is, IIC argues that the trial court erred in concluding that IIC
had no breach-of-contract action because Bella allegedly had agreed to sell her
community-property interest in the properties to IIC for $12,000.
          We reject IIC’s challenge for three reasons. First, IIC did not plead a breach-of-contract theory based upon a conveyance of only Bella’s interest in the properties;
rather, its claim was based on the sale of the properties in fee simple. See Tex. R.
Civ. P. 47 (requiring that pleading set forth “a short statement of the cause of action
sufficient to give fair notice of the claim involved”); Tex. R. Civ. P. 301 (“The
judgment of the court shall conform to the pleadings, the nature of the case proved
and the verdict, if any . . . .”). Additionally, nothing shows that this “partial-conveyance” theory of IIC’s was tried by consent,


 and IIC did not move to amend
its pleadings to assert this theory. Tex. R. Civ. P. 67 (allowing for trial by consent
and for amendment of pleadings through time of submission to cause pleadings to
conform to evidence); Tex. R. Civ. P. 307; Latch v. Gratty, Inc., 107 S.W.3d 543, 546
(Tex. 2003) (holding that judgment could not be affirmed on claim that was neither
pleaded nor tried by consent); compare Southwestern Resolution Corp. v. Watson,
964 S.W.2d 262, 264 (Tex. 1997) (holding that unpleaded affirmative defense of
payment on note was tried by consent when opposing party did not object to
conflicting testimony that payment was made or to submission of issue to jury). IIC
made statements during closing argument that, for the first time, might have reflected
this theory, but those statements did not result in trial by consent. Compare Watson,
964 S.W.2d at 264.
          Second, the trial court’s fact findings and legal conclusions did not address this
theory, and no fact finding found that Bella contracted to sell only her interest in the
properties. See Tex. R. Civ. P. 299 (“The judgment may not be supported upon
appeal by a presumed finding upon any ground of recovery or defense, no element of
which has been included in the findings of fact . . . .”). IIC did not request additional
or amended fact findings or legal conclusions. See Tex. R. Civ. P. 298. Nor does IIC
complain of any fact findings entered by the trial court.
          Third, to prevail on a breach-of-contract claim, the plaintiff must prove, among
other things, the existence of a valid contract. Valero Mktg. & Supply Co. v. Kalama
Int’l, L.L.C., 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.). It
is the plaintiff’s burden to prove that the defendant has obligated himself under the
contract; accordingly, IIC had to prove a valid contract to sell only a partial interest
in the properties. See Cannon v. ICO Tubular Servs., Inc., 905 S.W.2d 380, 392 (Tex.
App.—Houston [1st Dist.] 1995, no writ), abrogated on other grounds by Lane Bank
Equip. Co. v. Smith S. Equip., Inc., 10 S.W.3d 308, 313 (Tex. 2000); see also Vance
v. My Apartment Steak House of San Antonio, Inc., 677 S.W.2d 480, 482 (Tex. 1984). 
No evidence established such a contract. Accordingly, even had IIC pleaded a cause
of action based on such a contract, and even had the trial court made findings and
conclusions relevant to it, the court would have had to reject that theory for total lack
of evidentiary support.
          We overrule IIC’s sole issue.
          We deny appellees’ request for sanctions.
 
 
                                                                        Tim Taft
                                                                        Justice
Panel Consists of Justices Taft, Keyes, and Hanks.