IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00439-CV

 

In the
Interest of R.E.B., a Child

 

 



From the 13th District Court

Navarro County, Texas

Trial Court No. 05-00-14609-CV

 



MEMORANDUM  Opinion










 

        Larsen, respondent below, appeals the trial
court’s order in a suit affecting the parent-child relationship.  We affirm.

      Trial by Consent.  In
Larsen’s first issue, she contends that the trial court “err[ed] in awarding”
Buckner, petitioner below, “property in a suit affecting the parent child
relationship where no request for property was included in either the original
petition or any subsequent motion or pleading.”  (Br. at 4.)  

      The judgment recites:

Property
      IT IS ORDERED that DARRELL BUCKNER have the exclusive and private use and
possession of the following property:  All property in his possession including
but not limited to the property described in Exhibit “A” attached hereto and
incorporated for all purposes.

(C.R. 46.)  Attached to the judgment is a
handwritten list, beginning, “Weedeater – John Gil.”[1]  (Id. 48.)  

      “Generally, parties seeking affirmative
relief are restricted in their recovery to claims asserted in the pleadings
. . . .”  Werner v. Colwell, 857 S.W.2d 75, 79 (Tex.
App.—Waco 1993), rev’d on other grounds, 909 S.W.2d 866 (Tex. 1995); accord Realtex Corp. v. Tyler, 627 S.W.2d 441, 443 (Tex. App.—Houston
[1st Dist.] 1981, no writ).  However, “[w]hen issues not raised by the
pleadings are tried by express or implied consent of the parties, they shall be
treated in all respects as if they had been raised in the pleadings.”  Tex. R. Civ. P. 67; e.g., Sw.
Resolution Corp. v. Watson, 964 S.W.2d 262, 264 (Tex. 1997).

In such case such amendment of the pleadings as
may be necessary to cause them to conform to the evidence and to raise these
issues may be made by leave of court upon motion of any party at any time up to
the submission of the case to the Court . . . , but failure so
to amend shall not affect the result of the trial of these issues,

except in jury trials. 
Tex. R. Civ. P. 67.

 

      Larsen points to
Buckner’s testimony as follows on direct examination:

 

      Q.   You had a list of
property that you’re, that you’re asking to be returned to you and are there
personal property items that you’re asking that they be returned to you?

      A.   Correct.

(R.R. 6).

      Larsen did not object to Buckner’s
evidence.  Larsen does not show that the trial court erred.  We overrule
Larsen’s first issue.

      Effective Assistance of Counsel.  In
Larsen’s second issue, she contends that she did not receive the effective
assistance of counsel.  In Larsen’s second argument under that issue, she
argues that the trial court erred in granting her trial counsel’s motion to
withdraw.  In Larsen’s first and third arguments, she argues that the trial
court erred in denying Larsen’s request for time to find counsel.  

      Motion to Withdraw.  First, Larsen contends that her trial
counsel’s motion to withdraw was “deficient in that it did not provide notice
of hearing where [Larsen] could object to the withdrawal.”  (Br. at 8.)  

      The motion to withdraw states:

Notice to Client

      You are hereby notified that this Motion
for Withdrawal of Counsel is set for hearing at the time and place stated
below.  You do not have to agree to this motion.  If you wish to contest the
withdrawal of Kelly R. Myers as your attorney, you should appear at the
hearing.  If you do not oppose Kelly R. Myers’s withdrawal as your attorney,
you may notify Kelly R. Myers in writing of your consent to this motion.

(C.R. 12.)[2]

The motion, however, did not contain a fiat setting
the motion for a live hearing.  

      The trial court’s order on the motion
recites:

      On August ____, 2005 the Court
considered the Motion for Withdrawal of Counsel of Kelly R. Myers.

      . . . .

      The Court finds that a copy of
the Motion for Withdrawal of Counsel was delivered to Shelli Sue Larsen, that
Shelli Sue Larsen was notified in writing of the right to object to the motion,
that Shelli Sue Larsen has not consented to the motion, that the last known
address of Shelli Sue Larson is . . . , Corsicana, Texas, 75110,
and that the pending settings and deadlines in the case are as follows:

      Final Hearing is set for August 31, 2005
at 1:30 p.m.

[sic] (C.R. 14) (ellipses added).

      Larsen concedes that the motion complied
with Texas Rule of Civil Procedure 10, governing the form of motions to
withdraw, and Rule 21, governing the service of motions.  See Tex. R. Civ. P. 10, 21.  Larsen argues,
however, “From the evidence available in the record of the case, [Larsen] was
given neither a time nor place in which to appear to challenge the withdrawal
of her attorney.”  (Br. at 8.)  The record, however, does not show that the
trial court did hold a live hearing on the motion, or that Larsen objected to
the withdrawal.  Larsen does not show that the trial court erred in granting
the motion.

      Request for Continuance.  In
Larsen’s first and third arguments under this issue, she contends that the
trial court erred in denying Larsen’s request for time to find another
attorney.  At the hearing, the following colloquy took place:

      THE COURT:  [T]he respondent,
ma’am, I think you were represented by Kelly Myers but he’s withdrawn at this
time; is that correct?

      MS. LARSEN:  Yes, your Honor. 
I got a letter last Saturday stating that.  I would like to request some time
to obtain another attorney.

      . . . .

      THE COURT:  I think what I’m
going to do is this, I will go ahead and let the Petitioner put on testimony. 
Ma’am, if I feel that you have been prejudiced in the course of these
proceedings I will reserve the right to allow you additional time.  Okay.

      MS. LARSEN:  Thank you very much.

(R.R. 4, 4-5.)

      “No . . . continuance shall
. . . be granted except for sufficient cause supported by affidavit,
or by consent of the parties, or by operation of law.”  Tex. R. Civ. P. 251.  When a motion for continuance

has been overruled before any reduction to
written form, and without support by affidavit for that reduced to written
form, it might be said that the complainant is completely unarmed for purpose
of making complaint on appeal.  He cannot show himself entitled to reversal for
abuse of discretion in overruling his motion even if the trial court should
have granted continuance had the motion been properly made and presented.

Morris v. Chaunce A. Beane & Co., 635 S.W.2d 658, 660 (Tex. App.—Forth Worth 1982,
no writ); accord In re Z.A.T., 193 S.W.3d 197, 208 (Tex. App.—Waco 2006,
no pet. h.) (plurality op.); see Green v. Tex. Dep’t of Protective &
Reg. Servs., 25 S.W.3d 213, 218 (Tex. App.—El Paso 2000, no pet.); In re
 Butler, 45 S.W.3d 268, 272 (Tex. App.—Houston [1st Dist.] 2001, orig.
proceeding) (contempt).  

      Larsen does not point in the record to a
written motion for continuance supported by affidavit.  Larsen does not show
that the trial court erred in denying her request.

      We overrule Larsen’s second issue.

      Having overruled Larsen’s
issues, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

(Justice Vance concurs
in the judgment)

Affirmed

Opinion delivered and
filed September 20, 2006

[CV06]









[1]  The
trial court directed that Buckner prepare a judgment.  The judgment contains a
line for approval as to form by Buckner’s counsel, and she did so approve it. 
The judgment does not contain a line for approval by Larsen or her counsel.





[2]  The
certificate of service recites only, “I certify that a true copy of the above
was served on each attorney of record or party in accordance with the Texas
Rules of Civil Procedure on August  18 , 2005.” (C.R. 13.)