LAVIGNE V. HOLDER AND BROOME

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-223-CV

GUY LAVIGNE APPELLANT

V.

ALVIS W. HOLDER AND APPELLEES

MICHAEL W. BROOME

------------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Introduction

The question in this case of first impression is whether the granting of an easement by a mortgagor triggered the acceleration clause of a promissory note and deed of trust.  The trial court determined that it did and granted summary judgment in favor of Appellees.  We hold that it did not and reverse the judgment of the trial court, render judgment for Appellant, and remand for further proceedings in the trial court.

Factual and Procedural History

The basic facts of the case are not in dispute.  In 1996, Appellee, Alvis W. Holder, conveyed a lot in Haltom City to Appellant, Guy Lavigne, by general warranty deed in exchange for a down payment, a note, and a deed of trust.  The note and the deed of trust both contain the following acceleration clause:

Assumption Limitation/Acceleration
:  [The] note was made and accepted based on the integrity of maker and therefore may not be assumed by any person or institution without payee’s consent which consent will not be unreasonably withheld.  Provided further by payee that if all or any part of the property or interest therein is sold or transferred by maker without payee’s prior written consent, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, . . . THEN in any such event payee may, at Payee’s option, declare all sums secured by the Deed of Trust to be immediately due and payable. 

In 2004, Lavigne granted a thirty-foot-wide drainage easement across the back of the lot to a third party.
(footnote: 1)  When Holder learned about the easement, he invoked the acceleration clause and demanded full payment on the balance of the note.  Lavigne did not pay the full balance within the time specified by the demand. Holder directed the trustee under the deed of trust, Appellee Michael Broome, to foreclose on the property.
(footnote: 2) 

Lavigne sued Holder to enjoin the foreclosure sale, seeking both a temporary and a permanent injunction.
(footnote: 3)  Both parties moved for summary judgment on the issue underlying Lavigne’s request for injunctive relief, namely, whether the easement triggered the acceleration clause.  The trial court granted Holder’s motion, denied Lavigne’s, and denied Lavigne’s request for a temporary injunction. 

Lavigne filed both this interlocutory appeal and an original application for writ of injunction in this court.  
See
 
Tex. R. App. P.
 28.1.  We denied the application for writ of injunction, but we ordered Holder and Broome to refrain from foreclosing on the property during the pendency of this appeal to protect our jurisdiction.  
See 
Tex. R. App. P.
 29.3.

The procedural posture of this case is unusual because the trial court granted summary judgment in favor of Holder on the merits of the underlying issue, rather than simply denying Lavigne’s application for a temporary injunction.  Yet the summary judgment was interlocutory because it did not address Lavigne’s breach of warranty claim or request for a permanent injunction.  Accordingly, on our own motion, we abated this appeal and remanded the case so that the parties could take steps to finalize the partial summary judgment.  On January 3, 2006, the trial court signed an order severing the summary judgment from the rest of the case.  The summary judgment is now ripe for appellate review.  

Standard of Review

Ordinarily, 
whether to grant or deny a temporary injunction is within the trial court’s sound discretion.  
Butnaru v. Ford Motor Co., 
84 S.W.3d 198, 204 (Tex. 2002).  But this case is not an ordinary appeal from the grant or denial of a temporary injunction; rather, it is an appeal from a summary judgment on the merits of the claim underlying Lavigne’s request for a temporary injunction.  Therefore, we will apply the standard of review applicable to summary judgments.

In a traditional summary judgment case such as this one, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(a), (c); 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002).
   We review the trial court’s summary judgment de novo.
  Provident Life & Accident Ins. Co. v. Knott
, 128 S.W.3d 211, 215 (Tex. 2003).  Where, as here, the issues raised are based on undisputed facts, the reviewing court may determine the questions presented as a matter of law.  
McCreight v. City of Cleburne
, 940 S.W.2d 285, 288 (Tex. App.—Waco 1997, writ denied).  When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should render the judgment that the trial court should have rendered. 
 
FM Props. Operating Co. v. City of Austin
, 22 S.W.3d 868, 872 (Tex. 2000).

Discussion

1. Did the easement trigger the acceleration clause?

In his first issue, Lavigne argues that the trial court erred by granting Holder’s motion for summary judgment.  Lavigne contends that an easement is an encumbrance subordinate to the deed of trust and thus falls within exclusion (a) of the acceleration clause.  We agree.

To paraphrase the relevant part of the acceleration clause, Holder may accelerate the note if Lavigne transfers an interest in the property without Holder’s prior 
written consent unless the transfer creates an encumbrance subordinate to the deed of trust.  It is undisputed that Lavigne transferred the easement to a third party without Holder’s prior written consent.  Thus, we must answer three questions to resolve this issue: (1) Is the easement an “interest” in the underlying property, (2) is the easement an “encumbrance,” and (3) is the easement subordinate to the deed of trust?  The answer to all three questions is “yes.”

First, as the parties concede, an easement is an interest in land.
  
Bennett v. Tarrant County Water Control and Imp. Dist. No. One,
 894 S.W.2d 441, 447 (Tex. App.—Fort Worth 1995, writ denied).

Second, Texas courts have long held that the term “encumbrance” includes easements.  
See, e.g.,
 
City of Dayton v. Allred
, 123 Tex. 60, 68 S.W.2d 172, 178 (Tex. 1934);
 
Smith v. McMillan,
 352 S.W.2d 871, 877 (Tex. Civ. App.— Houston 1962), 
aff’d
, 363 S.W.2d 437 (Tex. 1962); 
Uszenski v. McNabb,
 225 S.W.2d 210, 212 (Tex. Civ. App.—San Antonio 1949, writ ref’d) (op. on reh’g); 
Shaw v. Morrison,
 14 S.W.2d 953, 955 (Tex. Civ. App.—Eastland 1929, no writ).

Holder argues that the parties did not intend the word “encumbrance” to include easements.  “The language in an agreement is to be given its plain grammatical meaning unless to do so would defeat the parties’ intent.” 
 DeWitt County Elec. Co-op., Inc. v. Parks
, 1 S.W.3d 96, 101 (Tex. 1999).  Nothing on the face of the acceleration clause suggests that the parties intended to restrict the meaning of “encumbrance.”  Nor is there any evidence in the summary judgment record reflecting such an intent.  We must, therefore, give the word “encumbrance” its plain grammatical meaning, and that plain grammatical meaning includes easements.

Third, an easement is subordinate to a prior deed of trust.  “When the owner of real estate executes a valid deed of trust, and then conveys an interest in the mortgaged property to a third party, the rights of the mortgagor’s vendee are subject to the rights held by the beneficiary of the deed of trust.”  
Motel Enters., Inc. v. Nobani,
 784 S.W.2d 545, 547 (Tex. App.—Houston [1st Dist.] 1990, no writ) (holding foreclosure of prior deed of trust extinguished subsequent easement); 
see also Cousins v. Sperry
, 139 S.W.2d 665, 667 (Tex. Civ. App.—Beaumont 1940, no writ) (holding that buyer who purchased property at foreclosure sale took title free from easement granted after deed of trust).

We hold that the easement granted by Lavigne was an encumbrance subordinate to the deed of trust and therefore fell within exclusion (a) of the acceleration clause.  Thus, as a matter of law, the easement did not trigger the acceleration clause and did not give Holder the right to accelerate the note and foreclose on the property, and the trial court erred by granting Holder’s motion for summary judgment.  For the same reasons, the trial court erred by denying Lavigne’s motion for summary judgment with regard to the acceleration clause issue.  We therefore sustain Lavigne’s first issue and his second issue in part.  We consider the rest of Lavigne’s second issue—whether he is entitled to injunctive relief—in the next part of this opinion.

2. Is Lavigne entitled to an injunction?

Once again, the unusual procedural posture of this case complicates our review of the issue presented.  In his original petition in the trial court, Lavigne sought both a temporary injunction and a permanent injunction.  But in his motion for summary judgment, Lavigne requested only a temporary injunction:  “Lavigne prays that the Court . . . grant Lavigne’s Cross-Motion for Summary Judgment and issue a Temporary Injunction . . . pending a hearing on a permanent injunction . . . .”  Therefore, even though our review of the dueling motions for summary judgment is dispositive of the underlying dispute, the question of whether Lavigne is entitled to a permanent injunction is not before this court.  We will, therefore, determine only whether the trial court erred by failing to issue a temporary injunction as requested by Lavigne in his motion for summary judgment.

An applicant for a temporary injunction must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) probable injury in the interim. 
 Butnaru
, 84 S.W.3d at 204; 
Sun Oil Co. v. Whitaker
, 424 S.W.2d 216, 218 (Tex. 1968).  When the only relief sought on final trial is injunctive, the applicant must show a probable right on final hearing to a permanent injunction.  
Sun Oil Co. 
424 S.W.2d at 218.  A probable injury is one that is imminent, irreparable, and has no adequate remedy at law.  
Harbor Perfusion, Inc. v. Floyd
, 45 S.W.3d 713, 716 (Tex. App.— Corpus Christi 2001, no pet.); 
Tenet Health Ltd. v. Zamora
, 13 S.W.3d 464, 468 (Tex. App.—Corpus Christi 2000, pet. dism’d w.o.j.).
  Disruption to a business can be irreparable harm.  
Liberty Mut. Ins. Co. v. Mustang Tractor & Equip. Co.
, 812 S.W.2d 663, 666 (Tex. App.—Houston [14th Dist.] 1991, no writ).  Moreover, every piece of real estate is unique, and foreclosure can be an irreparable injury for which there is no adequate remedy at law.
  El Paso Dev. Co. v. Berryman, 
729 S.W.2d 883, 888 (Tex. App.—Corpus Christi1987, no writ).

In this case, the summary judgment evidence satisfies each element of the temporary injunction test.  First, Lavigne’s original petition stated a claim for a permanent injunction.  Second, we have already determined that the easement did not trigger the acceleration clause; thus, Lavigne has shown a probable right on final hearing to a permanent injunction.  Third, Lavigne has established an imminent threat of irreparable injury.  The threat is imminent because Holder has actually posted the property for foreclosure on at least two different dates.  Lavigne filed an affidavit with the trial court averring that he earns his livelihood by operating an auto body shop on the property and has done so since 1983. 
 Holder proffered no summary judgment evidence to controvert Lavigne’s affidavit.  Thus, foreclosure would cause irreparable injury to Lavigne for which there is no adequate remedy at law because it would disrupt his business and because the property, like all real estate, is unique.

Finally, Holder argues that Lavigne’s right to injunctive relief is moot because his request for such relief was denied by the trial court in the underlying proceeding and again by this court in connection with Lavigne’s original proceeding.  Holder cites no authority to support this argument, and we find none ourselves.  We decline his invitation to hold that our denial of Lavigne’s original-proceeding application for writ of injunction in this court precludes our review of the trial court’s summary judgment.

We hold that Lavigne proved his right to injunctive relief as a matter of law and sustain that part of his second issue that concerns injunctive relief.  Because his motion for summary judgment requested only a temporary injunction pending a hearing on his request for a permanent injunction, we remand the case to the trial court with instructions to enter a temporary injunction and to conduct a hearing on Lavigne’s request for a permanent injunction in light of our resolution of the underlying motions for summary judgment.

3. Lavigne’s attorney’s fees

Lavigne asserted a claim for attorney’s fees in his petition and motion for summary judgment in connection with this request for injunctive relief.  Because the trial court granted Holder’s motion for summary judgment and denied Lavigne’s motion, it did not consider Lavigne’s request for attorney’s fees.  We therefore remand the issue of Lavigne’s attorney’s fees to the trial court for further proceedings.

Conclusion

Having sustained Lavigne’s two issues, we reverse the judgment of the trial court and render judgment in Lavigne’s favor.  
See
 
Tex. R. App. P.
 43.2(c).  We remand the case to the trial court with instructions to enter a temporary injunction enjoining Holder and Broome from foreclosing on the subject property on the basis of the easement granted by Lavigne, to conduct a hearing on Lavigne’s request for a permanent injunction, and to consider Lavigne’s request for attorney’s fees. 
 See
 
Tex. R. App. P.
 43.2(d), 43.3(a).  The stay imposed by our June 25, 2005 order will dissolve without further action of this court when the trial court enters a temporary injunction consistent with this opinion.  We deny Holder and Broome’s “Motion for Supersedeas Bond, Order for Payment of Arrearages or Other Equitable Relief, Including Foreclosure for Failure to Make Payments.” 

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  February 9, 2006

FOOTNOTES
1:
The third party is the new owner of the property adjoining the lot to the north. 

2:
For the sake of simplicity, we will refer to Appellees collectively as “Holder.”

3:
Lavigne also alleged a cause of action for breach of warranty, but that claim is not relevant to this appeal.