

# IN THE
## TENTH COURT OF APPEALS

### No. 10-09-00259-CV

**JAMES L. MANHEIM,**

**Appellant**

**v.**

**ADAM DEVELOPMENT PROPERTIES, L.P.,**

**Appellee**

---

**From the 272nd District Court
Brazos County, Texas
Trial Court No. 09-001549-CV-272**

---

## MEMORANDUM OPINION

---

In this interlocutory appeal, Appellant James L. Manheim complains that the trial court erred in granting Appellee Adam Development Properties, L.P.'s (ADP) request for a temporary injunction.  We agree with Manheim and therefore reverse the trial court's order, dissolve the temporary injunction, and remand the case for further proceedings consistent with this opinion.

ADP sued Manheim d/b/a Manheim Antiques and WYSIWYG Company, L.C. d/b/a The Gathering (collectively, the Defendants), alleging breach of contract/breach

of warranty, fraud/fraudulent inducement, conspiracy, and money had and received. ADP also sought a temporary restraining order and temporary injunction against Manheim.

ADP made the following allegations: ADP and the Defendants entered into a contract in which the Defendants agreed to design, produce, and deliver custom furniture for ADP's offices in College Station, Texas. Although ADP fully complied with the contract, the Defendants did not. The Defendants also made material misrepresentations to ADP in an effort to obtain funds to which the Defendants were not entitled. ADP relied on such representations to its detriment and paid money to the Defendants to which they were not entitled. Manheim admitted to ADP's representative that he took the money paid by ADP and used it to purchase some inventory for his business rather than for the purpose for which ADP paid the funds. Because the funds were obtained by fraud and misrepresentations, Manheim does not have any equitable interest in the inventory purchased by him with ADP's money. Furthermore, based on information provided by Manheim, and to the best of ADP's knowledge, Manheim does not have sufficient non-exempt assets to satisfy any judgment that may be obtained by ADP against him. As a result, ADP has an equitable ownership interest or right to such inventory, and such interest is superior to any interest that Manheim may claim in such inventory. ADP needs the inventory to be placed under court supervision immediately to prevent it from being forever lost.

The trial court granted a temporary restraining order against Manheim and thereafter held a hearing on ADP's request for a temporary injunction. Manheim did

not appear at the hearing.  The court granted the temporary injunction based on its findings that

> Plaintiff [ADP] will probably prevail on the trial of this cause; that Defendant [Manheim] has or had possession of property or money belonging to Plaintiff that should be returned to Plaintiff before the Court can render judgment in this cause; that if Defendant does not return Plaintiff's property or money, or transfers the property or money in any way to someone other than Plaintiff, Defendant will alter the status quo and tend to make ineffectual a judgment in favor of Plaintiff; and that unless Defendant is deterred from possessing or transferring the property or money, Plaintiff will be without any adequate remedy at law.

The court ordered Manheim (1) to immediately deliver any and all of his inventory to ADP for safekeeping until further order of the court and (2) "not to destroy, sell, encumber, secret [sic] or in any way harm" any of his inventory without the court's written permission.

Several days later, Manheim filed an original answer and then a motion to dissolve the temporary injunction or, in the alternative, to increase bond.  The trial court subsequently modified the temporary injunction to include an order setting the matter for trial.  Two days later, the trial court again modified the temporary injunction, striking the order that Manheim immediately deliver any and all of his inventory to ADP for safekeeping but ordering instead that Manheim permit ADP to photograph or take video of his inventory.

The decision to grant or deny a temporary injunction lies within the sound discretion of the trial court.  *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).  A reviewing court should reverse an order granting injunctive relief only if the trial court abused that discretion.  *Id.*  The reviewing court must not substitute its judgment for the

trial court's judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Id.*

The purpose of a temporary injunction is to maintain the status quo of the litigation's subject matter pending a trial on the merits. *Id.* Status quo has long been defined as "the last, actual, peaceable, non-contested status which preceded the pending controversy." *State v. Sw. Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex. 1975). The applicant must plead and prove three elements to obtain a temporary injunction: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru*, 84 S.W.3d at 204. An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Id.*

In his first issue, Manheim contends that the temporary injunction is either void or voidable because ADP did not plead an irreparable injury, nor was one described in the trial court's order. More specifically, Manheim argues that ADP seeks to recover only monetary damages and, thus, injunctive relief is improper. Within this issue, Manheim also argues that ADP never offered any evidence of irreparable injury.

The Texas Supreme Court has stated that, although unusual, circumstances can arise in which a temporary injunction is appropriate to preserve the status quo even though the applicant for the temporary injunction asks only for damages as ultimate relief. *See Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) (citing *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984)). For instance, even if the only remedy sought at trial is damages, a plaintiff does not have an adequate remedy at law

if the defendant is insolvent.  *Loye v. Travelhost, Inc.*, 156 S.W.3d 615, 621 (Tex. App.—Dallas 2004, no pet.); *Tel. Equip. Network, Inc. v. TA/Westchase Place, Ltd.*, 80 S.W.3d 601, 611 (Tex. App.—Houston [1st Dist.] 2002, no pet.).  But in this case, although ADP pleaded that Manheim was financially unable to satisfy a judgment against him, it produced no evidence supporting the allegation.

The party applying for the injunction has the burden of production, and evidence must be adduced under standard rules of evidence; testimony by affidavit does not suffice, nor does a sworn petition constitute evidence.  *Millwrights Local Union No. 2484 v. Rust Eng'g Co.*, 433 S.W.2d 683, 687 (Tex. 1968).  At the temporary injunction hearing, the only mention of Manheim's financial ability to satisfy a judgment came from ADP's counsel.  When Manheim did not appear at the hearing, the trial court asked ADP's counsel, "Have you been in touch with him?"  ADP's counsel replied:

> Friday I talked to his friend who happens to be a lawyer, and told me he was got [sic] going to represent him, but he had spoken with him and didn't know if he was going to show up or not, but that he had recommended to him to show up.  But he said that he wasn't going to appear on his behalf and that he has no money to pay for it, so it would be difficult for him to possibly show up.

Also, immediately before the trial court ruled on the injunction request, ADP's counsel argued that the temporary injunction was appropriate "[b]ecause otherwise he doesn't have any funds or assets to be able to satisfy a judgment, and so we would be irreparably harmed in that manner."  Nevertheless, ADP did not present any evidence to support these statements by counsel.

ADP called only one witness to testify, the Adam Corporation's senior vice-president of administrative services. He testified that, through the Adam Corporation, he had been involved with ADP and the purchase of some furniture from Manheim. He stated that he was present during a conversation in which Manheim stated that he would use the funds from ADP to purchase inventory items, *i.e.*, antiques and some other items that he sells in his store. Although ADP argues in its brief that this testimony indicates that Manheim's business "is hardly in strong financial shape," we do not agree.

Moreover, as of the time of the injunction, Manheim had not admitted that he was insolvent or financially unable to satisfy a judgment obtained against him. We thus conclude that ADP did not establish an irreparable injury based on Manheim's alleged inability to satisfy a judgment obtained against him.

ADP contends that it nevertheless established an irreparable injury for several other reasons, but the cases cited by ADP do not support a finding of irreparable injury in this case. Manheim's inventory is not the basis of this suit.[1] *Cf. Lavigne v. Holder*, 186 S.W.3d 625, 629 (Tex. App.—Fort Worth 2006, no pet.) (in suit involving rights to certain unique real property, a temporary injunction enjoining foreclosure on the property was proper). ADP is not seeking to preserve assets or their proceeds that are subject to a pled equitable remedy such as rescission, constructive trust, or restitution. *Cf. Crossland*

---

[1] This is highlighted by the fact that ADP did not identify the specific antiques that Manheim allegedly bought with ADP's money and that allegedly will be lost if Manheim sells them. Instead, ADP pleaded for and obtained a temporary injunction enjoining Manheim from destroying, selling, transferring, encumbering, secreting, or in any way harming *any* of his inventory without the court's written permission.

*Sav. FSB v. Constant*, 737 S.W.2d 19, 22 (Tex. App.—Corpus Christi 1987, no writ) (temporary injunction was proper because appellees' claim for rescission of the contract would be lost without it). Nor has ADP shown that the damages in this case cannot be measured by any certain pecuniary standard. *See Mabrey v. SandStream, Inc.*, 124 S.W.3d 302, 318-19 (Tex. App.—Fort Worth 2003, no pet.); *AIG Risk Mgmt., Inc. v. Motel 6 Operating L.P.*, 960 S.W.2d 301, 309 (Tex. App.—Corpus Christi 1997, no pet.).

For these reasons, we conclude that ADP failed to show an irreparable injury and thus sustain Manheim's first issue. Because we have sustained Manheim's first issue, we need not address his second issue. *See* TEX. R. APP. P. 47.1.

We reverse the trial court's order, dissolve the temporary injunction, and remand the case for further proceedings consistent with this opinion.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Reversed and remanded
Opinion delivered and filed December 30, 2009
[CV06]