IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00259-CV

 

James L. Manheim,              

                                                                                    Appellant

 v.

 

Adam Development Properties, L.P.,

                                                                                    Appellee

 

 

 



From the 272nd District
Court

Brazos County, Texas

Trial Court No. 09-001549-CV-272

 



MEMORANDUM  Opinion



 

In this interlocutory appeal, Appellant
James L. Manheim complains that the trial court erred in granting Appellee Adam
Development Properties, L.P.’s (ADP) request for a temporary injunction.  We agree
with Manheim and therefore reverse the trial court’s order, dissolve the
temporary injunction, and remand the case for further proceedings consistent
with this opinion.

ADP sued
Manheim d/b/a Manheim Antiques and WYSIWYG Company, L.C. d/b/a The Gathering
(collectively, the Defendants), alleging breach of contract/breach of warranty,
fraud/fraudulent inducement, conspiracy, and money had and received.  ADP also
sought a temporary restraining order and temporary injunction against Manheim.

ADP made
the following allegations:  ADP and the Defendants entered into a contract in
which the Defendants agreed to design, produce, and deliver custom furniture
for ADP’s offices in College Station, Texas.  Although ADP fully complied with
the contract, the Defendants did not.  The Defendants also made material
misrepresentations to ADP in an effort to obtain funds to which the Defendants
were not entitled.  ADP relied on such representations to its detriment and
paid money to the Defendants to which they were not entitled.  Manheim admitted
to ADP’s representative that he took the money paid by ADP and used it to
purchase some inventory for his business rather than for the purpose for which
ADP paid the funds.  Because the funds were obtained by fraud and
misrepresentations, Manheim does not have any equitable interest in the inventory
purchased by him with ADP’s money.  Furthermore, based on information provided
by Manheim, and to the best of ADP’s knowledge, Manheim does not have
sufficient non-exempt assets to satisfy any judgment that may be obtained by
ADP against him.  As a result, ADP has an equitable ownership interest or right
to such inventory, and such interest is superior to any interest that Manheim
may claim in such inventory.  ADP needs the inventory to be placed under court
supervision immediately to prevent it from being forever lost. 

The trial
court granted a temporary restraining order against Manheim and thereafter held
a hearing on ADP’s request for a temporary injunction.  Manheim did not appear
at the hearing.  The court granted the temporary injunction based on its
findings that   

Plaintiff [ADP] will
probably prevail on the trial of this cause; that Defendant [Manheim] has or
had possession of property or money belonging to Plaintiff that should be
returned to Plaintiff before the Court can render judgment in this cause; that
if Defendant does not return Plaintiff’s property or money, or transfers the
property or money in any way to someone other than Plaintiff, Defendant will
alter the status quo and tend to make ineffectual a judgment in favor of
Plaintiff; and that unless Defendant is deterred from possessing or
transferring the property or money, Plaintiff will be without any adequate
remedy at law.

 

The court ordered Manheim
(1) to immediately deliver any and all of his inventory to ADP for safekeeping
until further order of the court and (2) “not to destroy, sell, encumber,
secret [sic] or in any way harm” any of his inventory without the court’s
written permission.

Several
days later, Manheim filed an original answer and then a motion to dissolve the
temporary injunction or, in the alternative, to increase bond.  The trial court
subsequently modified the temporary injunction to include an order setting the
matter for trial.  Two days later, the trial court again modified the temporary
injunction, striking the order that Manheim immediately deliver any and all of
his inventory to ADP for safekeeping but ordering instead that Manheim permit
ADP to photograph or take video of his inventory.

The
decision to grant or deny a temporary injunction lies within the sound
discretion of the trial court.  Butnaru v. Ford Motor Co., 84 S.W.3d
198, 204 (Tex. 2002).  A reviewing court should reverse an order granting
injunctive relief only if the trial court abused that discretion.  Id. 
The reviewing court must not substitute its judgment for the trial court’s
judgment unless the trial court’s action was so arbitrary that it exceeded the
bounds of reasonable discretion.  Id.

The purpose of a temporary injunction is
to maintain the status quo of the litigation’s subject matter pending a trial
on the merits.  Id.  Status quo has long been defined as “the last,
actual, peaceable, non-contested status which preceded the pending
controversy.”  State v. Sw. Bell Tel. Co., 526 S.W.2d 526, 528 (Tex.
1975).  The applicant must plead and prove three elements to obtain a temporary
injunction:  (1) a cause of action against the defendant; (2) a probable right
to the relief sought; and (3) a probable, imminent, and irreparable injury in
the interim.  Butnaru, 84 S.W.3d at 204.  An injury is irreparable if
the injured party cannot be adequately compensated in damages or if the damages
cannot be measured by any certain pecuniary standard.  Id.

            In his first issue, Manheim contends
that the temporary injunction is either void or voidable because ADP did not
plead an irreparable injury, nor was one described in the trial court’s order. 
More specifically, Manheim argues that ADP seeks to recover only monetary
damages and, thus, injunctive relief is improper.  Within this issue, Manheim
also argues that ADP never offered any evidence of irreparable injury. 

The Texas Supreme Court has stated that,
although unusual, circumstances can arise in which a temporary injunction is
appropriate to preserve the status quo even though the applicant for the temporary
injunction asks only for damages as ultimate relief.  See Walling v.
Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993) (citing Roland Mach. Co. v.
Dresser Indus., Inc., 749 F.2d 380, 386 (7th Cir. 1984)).  For instance,
even if the only remedy sought at trial is damages, a plaintiff does not have
an adequate remedy at law if the defendant is insolvent.  Loye v.
Travelhost, Inc., 156 S.W.3d 615, 621 (Tex. App.—Dallas 2004, no pet.); Tel.
Equip. Network, Inc. v. TA/Westchase Place, Ltd., 80 S.W.3d 601, 611 (Tex. App.—Houston
[1st Dist.] 2002, no pet.).  But in this case, although ADP pleaded that
Manheim was financially unable to satisfy a judgment against him, it produced
no evidence supporting the allegation.

The party applying for the injunction
has the burden of production, and evidence must be adduced under standard rules
of evidence; testimony by affidavit does not suffice, nor does a sworn petition
constitute evidence.  Millwrights Local Union No. 2484 v. Rust Eng’g Co.,
433 S.W.2d 683, 687 (Tex. 1968).  At the temporary injunction hearing, the only
mention of Manheim’s financial ability to satisfy a judgment came from ADP’s
counsel.  When Manheim did not appear at the hearing, the trial court asked
ADP’s counsel, “Have you been in touch with him?”  ADP’s counsel replied:

Friday I talked to his friend who
happens to be a lawyer, and told me he was got [sic] going to represent him,
but he had spoken with him and didn’t know if he was going to show up or not,
but that he had recommended to him to show up.  But he said that he wasn’t
going to appear on his behalf and that he has no money to pay for it, so it
would be difficult for him to possibly show up.

 

Also, immediately before the trial court
ruled on the injunction request, ADP’s counsel argued that the temporary
injunction was appropriate “[b]ecause otherwise he doesn’t have any funds or
assets to be able to satisfy a judgment, and so we would be irreparably harmed
in that manner.”  Nevertheless, ADP did not present any evidence to support these
statements by counsel.

ADP called only one witness to testify,
the Adam Corporation’s senior vice-president of administrative services.  He
testified that, through the Adam Corporation, he had been involved with ADP and
the purchase of some furniture from Manheim.  He stated that he was present
during a conversation in which Manheim stated that he would use the funds from
ADP to purchase inventory items, i.e., antiques and some other items
that he sells in his store.  Although ADP argues in its brief that this
testimony indicates that Manheim’s business “is hardly in strong financial
shape,” we do not agree.

            Moreover, as of the time of
the injunction, Manheim had not admitted that he was insolvent or financially
unable to satisfy a judgment obtained against him.  We thus conclude that ADP
did not establish an irreparable injury based on Manheim’s alleged inability to
satisfy a judgment obtained against him.

            ADP contends that it
nevertheless established an irreparable injury for several other reasons, but
the cases cited by ADP do not support a finding of irreparable injury in this
case.  Manheim’s inventory is not the basis of this suit.[1] 
Cf. Lavigne v. Holder, 186 S.W.3d 625, 629 (Tex. App.—Fort Worth
2006, no pet.) (in suit involving rights to certain unique real property, a temporary
injunction enjoining foreclosure on the property was proper).  ADP is not seeking
to preserve assets or their proceeds that are subject to a pled equitable
remedy such as rescission, constructive trust, or restitution.  Cf. Crossland
Sav. FSB v. Constant, 737 S.W.2d 19, 22 (Tex. App.—Corpus Christi 1987, no writ)
(temporary injunction was proper because appellees’ claim for rescission of the
contract would be lost without it).  Nor has ADP shown that the damages in this
case cannot be measured by any certain pecuniary standard.  See Mabrey v.
SandStream, Inc., 124 S.W.3d 302, 318-19 (Tex. App.—Fort Worth 2003, no
pet.); AIG Risk Mgmt., Inc. v. Motel 6 Operating L.P., 960 S.W.2d 301,
309 (Tex. App.—Corpus Christi 1997, no pet.).

            For these reasons, we
conclude that ADP failed to show an irreparable injury and thus sustain
Manheim’s first issue.  Because we have sustained Manheim’s first issue, we
need not address his second issue.  See Tex. R. App. P. 47.1.

We reverse the trial court’s order,
dissolve the temporary injunction, and remand the case for further proceedings
consistent with this opinion.

            

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Reversed
and remanded

Opinion
delivered and filed December 30, 2009

[CV06]









[1] This is highlighted by the fact that
ADP did not identify the specific antiques that Manheim allegedly bought with
ADP’s money and that allegedly will be lost if Manheim sells them.  Instead,
ADP pleaded for and obtained a temporary injunction enjoining Manheim from
destroying, selling, transferring, encumbering, secreting, or in any way
harming any of his inventory without the court’s written permission.