Opinion issued
February 24, 2011



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-09-00873-CV

———————————

Comunidad Fondren Court, LLC, Appellant

V.

FEDERAL
NATIONAL mortgage ASSOCIATION, Appellee



 



 

On Appeal from the 281st District
Court

Harris County, Texas



Trial Court Case No. 2008-28047

 



 

 

MEMORANDUM
OPINION

 

          Comunidad
Fondren Court, LLC appeals a judgment in favor of the Federal National Mortgage
Association (“Fannie Mae”).  Harris
County interpleaded funds with the trial court from a refund of ad valorem taxes on real property
because Comunidad and Fannie Mae both asserted a right to the funds.  On cross-motions for summary judgment, the
trial court determined that Fannie Mae was entitled to the funds.  On appeal, Comunidad asserts that the trial
court erred because Comunidad is the owner of the refunded funds, Fannie Mae’s security
interest did not attach to the funds, and Comunidad is not the successor or
assign of the original debtor.  Fannie
Mae also appealed, raising a single issue—that the trial court erred by
refusing to award its attorneys’ fees.  We
conclude that Comunidad took the real property subject to Fannie Mae’s
outstanding security interests, which covered the tax refund at issue
here.  We also conclude that the record
does not show that the trial court abused its discretion by ordering Fannie Mae
and Comunidad to each pay their own attorneys’ fees.  We affirm.

Background

          In
1998, F. Court Partners, Ltd. was formed for the purpose of
owning and operating an apartment complex on Fondren Road in Houston, Texas (“the
Property”).  The Property is composed of
two contiguous tracts.  Over a period of several
years, F. Court obtained financing for the Property by executing a
series of three promissory notes (collectively “Notes”), each secured by a deed
of trust (collectively “Deeds of Trust”).[1]  The monthly mortgage payments from the
borrower included a tax escrow component that was deposited into a tax escrow
account.  The Notes and Deeds of Trust
were subsequently transferred to Fannie Mae, and Fannie Mae is the owner and
holder of the Notes and related loan documents.

          In December 2003, F. Court conveyed
the Property to Comunidad.  The Property remained
subject to the Deeds of Trust executed by F. Court.  As part of the transfer, Comunidad did not
assume F. Court’s debt.  Fannie Mae was
not asked to, and did not, consent to the transfer, even though the transfer
constituted an event of default under the Deeds of Trust.  F. Court also defaulted by failing to
pay the amounts due under the Notes beginning in September 2006.

          Comunidad
is a tax exempt community housing development organization.  During the years 2004 to 2006, while
Comunidad owned the apartment complex, it qualified for a tax exemption on the
property.  Harris County, however, made a
mistake on its tax rolls by exempting only one of the two tracts, which was
approximately one-half of the Property, and therefore assessed taxes on a tract
when it should not have.  This mistake
was not corrected until August 2007, after Fannie Mae had foreclosed on the
property.  Between the closing in
December 2003 and the default by non-payment in September 2006, F. Court,
through the property manager, timely paid the Notes to Fannie Mae from the
rents earned by the property.  During the
same time, Fannie Mae, through its loan servicer,[2] paid
the mistakenly assessed property taxes from a tax escrow account into which F.
Court’s note payments, including the amount that was to be escrowed for taxes, were
deposited.  Comunidad, which was tax
exempt, did not pay any of the tax payments in question. 

          After
F. Court defaulted on its monthly mortgage obligations, Fannie Mae sought foreclosure
on the Property.  Fannie Mae was the high
bidder and purchased the Property in February 2007.  The deficiency remaining after the
foreclosure sale was approximately $1.2 million.

          In
September 2007, after the foreclosure, Comunidad applied for a refund of the
taxes paid on the Property from 2004 to 2006 with the Harris County Appraisal
Review Board, based upon Comunidad’s tax-exempt status.  Fannie Mae also requested a refund.  The review board subsequently granted the
refund request.  At the time the refund
was granted, Comunidad had no ownership interest in the Property.  Harris County filed an action in interpleader
based on the competing claims to the tax refund.  The interpleaded funds totaled $381,538.78.

          Both
Comunidad and Fannie Mae sought summary judgment on their respective claims to
the tax refund.[3]  The trial court denied Comunidad’s motion and
granted Fannie Mae’s, rendering judgment for Fannie Mae for the tax refund.

Standard of Review

          We review
summary judgments de novo.  Valence
Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005).  Summary
judgment is proper only when a movant establishes that there is no genuine
issue of material fact and that the movant is entitled to judgment as a matter
of law. Tex. R. Civ. P. 166a(c).  On review, we indulge every reasonable
inference in favor of the nonmovant, take all evidence favorable to the
nonmovant as true, and resolve any doubts in favor of the nonmovant.  Valence Operating Co., 164 S.W.3d at 661.  When there are multiple grounds for summary judgment and the
order does not specify the ground on which the summary judgment was rendered,
the appealing party must negate all grounds on appeal.  State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 381 (Tex. 1993); Ellis
v. Precision Engine Rebuilders, Inc.,
68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

          When both sides move for summary judgment and the trial court
grants one motion and denies the other, we review the summary judgment evidence presented by
both sides and determine all legal questions
presented.  Comm’rs Court v. Agan, 940 S.W.2d 77, 81 (Tex. 1997).  We render such judgment as the trial court
should have rendered.  Id.

Entitlement to the Tax
Refund

          Comunidad
asserts the trial court erred in awarding the refund to Fannie Mae because
Comunidad is the owner of the refunds and Fannie Mae’s security interest did
not attach to the refund.  Fannie Mae
responds that its security interest plainly states that it covers tax refunds
and that Comunidad took the property subject to the security interests.  Comunidad concedes in its brief that if
Fannie Mae’s security interest did attach to the funds, then the trial court’s
judgment is correct.  Thus, the first
legal issue is whether Fannie Mae’s security interest created in its Deeds of
Trust reaches the tax refund.  The
parties agree that the construction and interpretation of the Deeds of Trusts
is a legal question for the court.

          “When
the owner of real estate executes a valid deed of trust, and then conveys an
interest in the mortgaged property to a third party, the rights of the
mortgagor’s vendee are subject to the rights held by the beneficiary of the
deed of trust.”  Lavigne v. Holder, 186 S.W.3d 625, 628 (Tex. App.—Fort Worth 2006,
no pet.) (quoting Motel Enters., Inc. v.
Nobani, 784 S.W.2d 545, 547 (Tex. App.—Houston [1st Dist.] 1990, no writ)).  Thus, Comunidad took the Property subject to
the existing Deeds of Trust and is bound by their terms.  

          Our primary concern in interpreting
a contract is to ascertain and give effect to the parties’
objective intent as it is expressed in the contract.  Seagull Energy E & P, Inc. v. Eland
Energy, Inc., 207 S.W.3d
342, 345 (Tex. 2006).  The intent of the
parties must be taken from the agreement itself, not from the parties’ present
interpretations, and the agreement must be enforced as it is written.  See Sun Oil Co. v. Madeley, 626 S.W.2d 726, 731–32 (Tex. 1981).  We also review the entire contract as a whole
in an attempt to harmonize its provisions and do not give any single provision
controlling effect without reference to the whole.  Coker
v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). 
  

          A deed of
trust is interpreted according to the ordinary rules of contract
interpretation.  Fin. Freedom Sr. Funding Corp. v. Horrocks, 294 S.W.3d 749, 753 (Tex.
App.—Houston [14th Dist.] 2009, no pet.). 
One of those rules is that deeds of trust are generally strictly construed against the
lender, which is the party normally responsible for the drafting of the
document.  See Dodd v. Harper, 670
S.W.2d 646, 649 (Tex. App.—Houston [1st Dist.] 1983, no writ). That rule only
applies, however, if the agreement, after applying the ordinary rules of
contract interpretation, is susceptible to more than one reasonable
interpretation, i.e., when it is ambiguous. 
Universal C.I.T. Credit Corp. v.
Daniel, 243 S.W.2d 154, 157 (Tex. 1951); Ramsay
v. Tex. Trading Co., Inc., 254 S.W.3d 620, 630 (Tex. App.—Texarkana 2008, pet.
denied).  Because neither party contends
that the Deeds of Trust are ambiguous, that rule has no application to this
case. 

          The Deeds of Trust clearly provide
that all property tax refunds are Fannie Mae’s collateral.  The Deeds of Trust define the property that
secures the Notes to include the following:

(1) the Land;

 

. . . 

 

(7) all awards, payments and other compensation made or
to be made by any municipal, state or federal authority with respect to the
Land . . ., or any other part of the Mortgaged Property, including
any awards or settlements resulting from condemnation proceedings or the total
or partial taking of the Land . . . or any other part of the Mortgaged Property
under the power of eminent domain or otherwise and including any conveyance in
lieu thereof;

 

. . .

 

(10) all Rents and Leases;

 

. . .

 

(12) all Imposition Deposits;

 

(13) all refunds or rebates of Impositions by any
municipal, state or federal  authority or
insurance company (other than refunds applicable to periods before the real
property tax year in which this Instrument is dated) . . . .

 

          Impositions,
the refunds of which are secured by the Deeds of Trust, are defined in section
7(a) of the Deeds of Trust:

Borrower shall deposit with Lender on the day monthly
installments of principal or interest, or both, are due under the Note . . .,
until the indebtedness is paid in full, an additional amount sufficient to
accumulate with Lender the entire sum required to pay, when due . . . Taxes . .
. .  The amounts deposited under the
preceding sentence are collectively referred to in this Instrument as the
“Imposition Deposits”.  The obligations
of Borrower for which the Imposition Deposits are required are collectively
referred to in this Instrument as “Impositions”. . . .

 

Section 7(b) further grants Fannie Mae, as the lender, a security
interest in Imposition Deposits:

. . . . Lender shall apply the Impositions Deposits to
pay Impositions so long as no event of Default has occurred and is continuing.
. . .  Borrower hereby pledges and grants
to Lender a security interest in the Impositions deposits as additional
security for all of Borrower’s obligations under this Instrument and the other
Loan Documents.  Any amounts deposited
with Lender under this Section 7 shall not be trust funds, nor shall they
operate to reduce the Indebtedness, unless applied by Lender for that purpose
under Section 7(e).

 

          Finally, section 7(e) grants Fannie
Mae the right to apply the Impositions as payment on the Notes:

If an Event of Default has occurred and is continuing
Lender may apply any Imposition Deposits, in any amount and in any order as
Lender determines, in Lender’s discretion, to pay any Impositions or as a
credit against the indebtedness. . . .

 

          The
Deeds of Trust expressly granted Fannie Mae a security interest on the payments
made by F. Court to the loan servicer to be held in escrow for taxes.  Not only were the deposits themselves subject
to the security interest, the rents which were the source of the payments to
the loan servicer were also subject to a security interest by the terms of the
Deeds of Trust.  If a borrower had
defaulted in the middle of a tax year after paying the first several monthly mortgage
payments with escrowed amounts for taxes, the Deeds of Trust granted a security
interest in the escrowed monies.  And if
property values were re-assessed causing a tax refund, the Deed of Trust granted
a security interest in that refund.  Based
on the plain language of the Deeds of Trust, we conclude that Fannie Mae had a security
interest first on the tax escrow account and then later on the tax refund.  When Fannie Mae purchased the property at
foreclosure, any interest of the borrower in the refunds was extinguished under
section 43 of the Deeds of Trust.  

          Because
Comunidad took the Property subject to the existing Deeds of Trust, and those
Deeds of Trust granted a security interest in the rents, tax escrow accounts,
and tax refunds, the trial court did not err by interpreting the Deeds of Trust
as granting Fannie Mae a security interest on the tax refunds that were paid
from the rents and Imposition Deposits.  See Lavigne, 186 S.W.3d at 628 (rights
of mortgagor’s vendee subject to rights of beneficiary of deed of trust).

          We
next examine the legal effect of the Deeds of Trust.  Comunidad raises two arguments to defeat the
language of the Deeds of Trust.  First, Comunidad,
citing Winters v. Slover, asserts
that under the basic law of real property, a party cannot transfer or mortgage
more than it owns.  251 S.W.2d 726, 729
(Tex. 1952).  Comunidad asserts that,
because F. Court was not a tax-exempt business entity, it did not have tax-exempt
status or own entitlement to a refund. 
Thus, Comunidad concludes, Fannie Mae could not have acquired a security
interest in a tax-exempt status or refund that F. Court did not own.  As summarized by Comunidad, “but for
Comunidad’s ownership of the real property and Comunidad’s tax exempt status,
there would be no refund for the parties to fight over.”  Thus, Comunidad is implicitly arguing that
when a refund is due to the status of the property owner, rather than a re-assessment
of the value of the property, the refund is no longer collateral subject to the
lender’s security interest.

Comunidad, however, cites no
authority that its tax-exempt status is an ownership interest in real property
or somehow alters the ordinary interpretation of the Deeds of Trust in which a
tax refund is collateral subject to the lender’s security interest.  The Deeds of Trust on their face do not
recognize this distinction.  Rather, as
noted above, the rents, tax escrow accounts, and tax refunds were expressly
subject to Fannie Mae’s security interest. 
There is no ownership in a party’s tax-exempt status; the ownership
dispute is between the parties who paid the monies into the tax escrow account and
the party that paid the taxes from that account, Fannie Mae.  But that dispute is legally irrelevant
because Fannie Mae had a security interest in all the collateral, including the
tax escrow monies (“Imposition Deposits”), under the terms of the Deeds of
Trust.  It also had a security interest
in all tax refunds (“all refunds or rebates of Impositions”). 

And the reason for the
refund—Comunidad’s tax-exempt
status—is
not determinative of ownership; it is the ownership of the refund itself that
is in issue.  Fannie Mae’s security
interest attached to the escrow account itself, not Comunidad’s tax-exempt
status or the cause of the tax refund.

Comunidad further argues
that it did not acquire the tax refund from F. Court and it could not have done
so because F. Court was not itself tax exempt. 
But Comunidad acquired its interest in the property in December 2003,
and therefore the taxes had not been paid into escrow at that time.  The tax refund in dispute arises out of taxes
paid after Comunidad purchased its interest. 

          Comunidad
also asserts that Fannie Mae lost its security interest on the monies in the
tax escrow account when it paid the taxes out of the Imposition Deposit
account.  Fannie Mae, however, still has
a security interest on refunds under the express terms of the Deeds of
Trust.  Comunidad relies on section 9.332
of the Texas Business and Commerce Code to support its contention that Harris
County took the tax payments free of any security interest.  See
Tex. Bus.
& Com. Code Ann. § 9.332
(West 2002).  However,
Comunidad raises this issue for the first time in its reply brief.  This issue was not mentioned in Comunidad’s
motion for summary judgment, responses to Fannie Mae’s motion for summary
judgment, or opening brief.  This issue,
therefore, is not preserved for review.  See Tex.
R. Civ. P. 166a(c) (“Issues not expressly presented to the trial court
by written motion, answer or other response shall not be considered on appeal
as grounds for reversal.”); Rayl v.
Borger Econ. Dev. Corp., 963 S.W.2d 109, 114 (Tex. App.—Amarillo 1998, no
pet.)  (holding that party may not appeal
summary judgment in favor of opponent when grounds opposing summary judgment
asserted on appeal were not raised before trial court); see also Malcomson Rd. Util. Dist. v. Newsom, 171 S.W.3d 257, 279
(Tex. App.—Houston [1st Dist.] 2005, pet. denied) (declining to reach challenge
that was not raised in appellant’s opening brief).

          We
overrule Comunidad’s first two issues.  Because
the trial court’s judgment may be sustained on the basis discussed above, we do
not address Comunidad’s third issue, which presents an argument concerning an
alternative basis for the trial court’s judgment.  See Ellis, 68 S.W.3d at 898.

Fannie Mae’s Appeal

          In a
single issue, Fannie Mae asserts that the trial court erred by refusing to
award its attorneys’ fees in this case.

          Under
the Declaratory Judgments Act, a trial court “may award costs and
reasonable and necessary attorney’s fees as are equitable and just.”  Tex. Civ.
Prac. & Rem. Code Ann. § 37.009 (West 2008).  The decision to grant or deny attorneys’ fees
under the Act is solely within the discretion of the trial court.  Neeley
v. West Orange-Cove Consol. Indep. Sch. Dist., 176 S.W.3d 746, 799 (Tex. 2005).
 Because the grant or denial of attorneys’
fees is within the sound discretion of the trial court, its judgment will not
be disturbed on appeal in the absence of a clear showing that it abused its
discretion.  Oake v. Collin County, 692 S.W.2d 454, 455 (Tex. 1985).    

          The trial
court’s decision to award attorneys’ fees is based on four factors: the fees
awarded must be reasonable and necessary, which are matters of fact, and they
must be equitable and just, which are matters of law.  Tex.
Civ. Prac. & Rem. Code Ann. § 37.009; see Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998).  The trial court is not required to award
attorneys’ fees to the prevailing party. Moosavideen v. Garrett, 300 S.W.3d 791, 802 (Tex. App.—Houston
[1st Dist.] 2008, pet. denied). 
In exercising its discretion, the trial court may, as it did here, decline
to award attorneys’ fees to either party. 
See Univ. of Tex. Health Sci. Ctr.
v. Mata & Bordini, Inc., 2 S.W.3d 312, 319 (Tex. App.—San Antonio 1999,
pet. denied); United Interests, Inc. v.
Brewington, Inc., 729 S.W.2d 897, 906 (Tex. App.—Houston [14th Dist.] 1987,
writ ref’d n.r.e.).

          Within
this issue, Fannie Mae asserts several arguments.  First, Fannie Mae contends, “As a general
rule, it is proper to make a fee award to a party who obtains a declaratory
judgment and the court is given broad discretion to make such an award.”  As noted above, it is true that the trial
court has broad discretion in making an award and that it may be “proper” to do
so, if the award is equitable and just. 
But just because it is “proper” to award fees does not make it
mandatory.  There is no “general rule”
that a court should award attorneys’ fees. 
As explained above, the statute makes no mention of a prevailing party;
an award of reasonable and necessary fees may be made if such an award is
“equitable and just.”  See Moosavideen, 300 S.W.3d at 802. 

          Second,
Fannie Mae contends that the trial court abused its discretion in failing to
award Fannie Mae its attorneys’ fees because “Comunidad asserted a competing,
albeit meritless, claim to the tax refund.” 
This is essentially a variation on the “prevailing party” argument.  Fannie Mae contends that because the trial
court denied Comunidad’s summary judgment and granted Fannie Mae’s it should be
entitled to an award of attorneys’ fees. 
As noted above, the fact that Fannie Mae prevailed does not mean that it
is entitled to attorneys’ fees.  See id.

          Finally,
Fannie Mae contends that it “presented uncontroverted testimony of the
reasonableness and necessity of attorneys’ fees, both at the trial court level
and the estimated fees in the event of appeal. 
This evidence is sufficient to support an award of attorney’s
fees.”  Once again, the reasonableness
and necessity of attorneys’ fees is only part of the inquiry in the trial
court’s decision under the Declaratory Judgments Act.  An award of reasonable and necessary fees is
only proper if the award is “equitable and just.”  See id.

          Fannie
Mae presents no argument and discusses no evidence concerning whether the trial
court’s decision to have each party pay their own attorneys’ fees is equitable
and just.[4]  Fannie Mae has failed to show that it
established as a matter of law that an award of fees was equitable and
just.  Based on the record before us, we
cannot conclude that Fannie Mae has shown that the trial court committed an
abuse of discretion.  See Abraxas Petroleum Corp. v. Hornburg,
20 S.W.3d 741, 762 (Tex. App.—El Paso 2000, no pet.) (“[I]in reviewing a trial
court’s decision to not award fees, we must examine whether the complaining
party established not only that the fees sought are reasonable and necessary,
but also that the award is equitable and just.”).

          We
overrule Fannie Mae’s sole issue.

Conclusion

We affirm the judgment of the trial court.

 

                                                                   

                                                                   Harvey
Brown

                                                                   Justice


 

Panel consists of Justices
Jennings, Higley, and Brown.











[1]           The
Deeds of Trust contain identical provisions concerning the material issues in
this appeal.





[2]           Fannie Mae relies on third-party
servicers to service the mortgages that Fannie Mae acquires. 





[3]           Other parties joined the interpleader
action, but in its final judgment, the trial court declared that no other party
was entitled to any portion of the tax refund and dismissed those claims with
prejudice.  Only Comunidad and Fannie Mae
have appealed.





[4]           Fannie Mae does assert that prior to
Comunidad filing its claim for the interpleaded tax refund, Fannie Mae’s
counsel sent a letter explaining the legal basis for its claim to the tax
refund.  Fannie Mae does not expressly
argue that setting out its claim prior to Comunidad filing suit makes the
subsequent attorneys’ fees incurred in this suit “equitable and just.”  Furthermore, correspondence between opposing
parties before litigation occurs is common. 
We decline to hold that such correspondence requires a court to find
subsequent fees are equitable and just.